# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JORGE NARCISO VALENTIN MEDINA, | )<br>)  CASE NO. 1:19cv2116<br>) |
| Plaintiff, | )<br>) |
| v. | )  MAGISTRATE JUDGE<br>)  KATHLEEN B. BURKE<br>) |
| COMMISSIONER OF SOCIAL SECURITY, | )<br>)<br>)  **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) |

Having prevailed in obtaining a stipulated reversal and remand of the Commissioner's decision denying his application for Disability Insurance Benefits and Supplemental Security Income, Plaintiff Jorge Narciso Valentin Medina, on behalf of his counsel Karl E. Osterhout, now seeks an award of attorney fees in the amount of $9,060.00 pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 22, p. 3. Osterhout seeks an award of $200 per hour, more than the presumptive hourly rate of $125.00 set in 1996 when the EAJA was amended. Doc. 22, p. 7.

As explained below, the Court concludes the following: (1) an award of fees pursuant to the EAJA is warranted in this case; (2) Osterhout has not submitted sufficient evidentiary support for his requested rate of $200 per hour; (3) the Court will grant Osterhout a fee of $160 per hour; and (4) the number of hours Osterhout claims is somewhat excessive and is reduced accordingly. Thus, Plaintiff's Motion for Attorney Fees Pursuant to EAJA is **GRANTED** in part and **DENIED** in part, and Plaintiff is awarded EAJA fees in the amount of $6,400.

## I. The EAJA Standard

The EAJA provides,

1

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Pierce v. Underwood*, 487 U.S. 552, 556 (1988). Thus, a prevailing party in an action against the United States may recover fees and expenses unless the United States' position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Pierce*, 487 U.S. at 556.

Here, it is undisputed that Plaintiff is the prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (holding that a plaintiff is the prevailing party in a sentence four remand). The Commissioner does not dispute that an attorney fee award is warranted in this case but objects to the hourly rate sought by Osterhout as well as the number of hours he seeks compensation for. Doc. 23, p. 1. Those issues are addressed below.

## II. Reasonableness of Attorney Fees

In March 1996, Congress amended the EAJA by increasing the cap for hourly rates for attorney fees from $75 to $125 per hour. Pub. L. No. 104-121, 110 Stat. 847 (1996); *see Hawk v. Astrue*, No. 4:11-CV-196, 2013 WL 139799, at *1 (N.D. Ohio January 10, 2013). Now, the EAJA provides that the fees awarded to a prevailing party where the United States' position is not substantially justified

> shall be based upon prevailing market rates for the kind and quality of the services furnished … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449-50 (6th Cir. 2009).

2

When a plaintiff requests an award in excess of $125 per hour, she "bear[s] the burden of producing appropriate evidence to support the requested increase." *Id.* at 450 (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)).

> This court requires a plaintiff seeking an attorney's fee of greater than $125 per hour to show by competent evidence both that the cost of living justifies a higher rate and, as the statute itself requires, that the fee is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). Accordingly, this court has held that the CPI alone is insufficient to justify an attorney's fee higher than the $125 per hour statutory cap. *Id.*; *Clark v. Comm'r of Soc. Sec.*, [664 Fed.Appx 525] 2016 WL 6958640 (6th Cir. Nov. 29, 2016) (unpublished); *Sakhawati v. Lynch*, 839 F.3d 476, 481 (6th Cir. 2016). The CPI alone is insufficient because, although it addresses the cost-of-living factor to overcome the statutory cap, it does nothing to show whether the prevailing rate in the relevant community is higher than $125 per hour.

*Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095, 1098 (6th Cir. 2016).

In his motion brief, Osterhout relies on <u>no evidence</u> to support his request for an award in excess of $125 per hour. He merely states, without citing authority: "The prevailing rate under EAJA is currently slightly more than $200.00 per hour, the rate alleged herein is $200.00." Doc. 22, p. 2. The Court is not aware of a case in this district to date that has awarded EAJA attorney fees at a rate of $200 per hour or more, and, as noted, Osterhout does not reference any such case.

Defendant filed an opposition brief, opposing Osterhout's request for $200 an hour. Doc. 23. Defendant points out that Osterhout did not rely on the Midwest Urban CPI, and cites Sixth Circuit legal authority stating that evidence of hourly rates should be localized to the district in which the attorney fee is sought[1] and Northern District of Ohio cases stating that courts in this district rely on the Midwest Urban CPI. Doc. 23, pp. 2-3. Defendant also points out the Sixth

---

[1] Defendant cites *Caviness v. Comm'r of Soc. Sec.*, 681 F. App'x 453, 456 (6th Cir. 2017) and *Clark v. Comm'r of Soc. Sec.*, 664 F. App'x 525, 530 (6th Cir. 2016).

3

Circuit precedent stating that CPI information, alone, isn't sufficient, and observes that Osterhout did not provide any attorney affidavits and/or a practice-specific, local fee survey. Doc. 23, p. 3. Accordingly, Defendant asserts, Osterhout has not produced evidence to support his requested increase and his fee award should be paid at the statutory hourly rate of $125 per hour. Doc. 23, pp. 3, 6.

In his reply brief,[2] Osterhout submits that "the cost of living in Ohio has significantly increased since the passage of the EAJA" and in support submits the CPI for all urban consumers in the country. Doc. 25-1. But as Defendant has pointed out in his brief, courts in this district use the Midwest CPI, not the national CPI. *See, e.g., Caviness v. Comm'r of Soc. Sec.*, 681 F. App'x 453, 456 (6th Cir. 2017) ("evidence of rates should be localized to the district in which the attorney fee is sought," citing *Gay v. Comm'r of Soc. Sec.*, No. 13-2575, slip op. at 4-5 (6th Cir. Aug. 7, 2014)); *Binkley v. Saul*, No. 1:19-cv-0864, 2019 WL 7048979, at *2 (N.D. Ohio Dec. 23, 2019) ("The measure of inflation in this geographic region is the Midwest Urban Consumer Price Index"). Thus, Osterhout has not submitted evidence of rates localized to the Northern District of Ohio. That the Ninth Circuit Court of Appeals purportedly set EAJA fees at "$201.60 for 2018, $205.25 for 2019, and $206.77 for the first half of 2020," as Osterhout asserts,[3] is not relevant to what attorneys litigating social security cases in the Northern District of Ohio earn.

Next, Osterhout relies on the Ohio State Bar Association's publication, "The Economics of Law Practice in Ohio in 2019." Doc. 25-2. He states that that publication shows that $200 an

---

[2] Osterhout filed a motion for leave to file a reply brief (Doc. 24) but this was unnecessary as he was permitted under the local rules to file a reply brief. *See* Local Rule 7.1(e) ("Unless otherwise ordered by the Judicial Officer, the moving party may serve and file a reply memorandum in support … of any non-dispositive motion within seven (7) days after service of the memorandum in opposition.").

[3] The link to the Ninth Circuit website Osterhout provided in his brief is no longer working.

4

hour is "consistent with prevailing rates in Ohio for attorneys who handle Social Security federal court appeals, based on similar levels of skill, experience and reputation." Doc. 25, p. 2. He states that it indicates that that "the mean fee is $336 [per hour] with the 25th percentile being $288." Doc. 25, p. 3. But the publication does not take into account what these hourly fees represent. For instance, if, upon remand from federal court, the Commissioner finds the claimant to be disabled, the claimant's attorney may file a motion for attorney fees under 42 U.S.C. § 406(b). Under § 406(b), the attorney may recover up to 25% of the past due benefits awarded to the claimant. *See* 42 U.S.C. 406(b); *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418 (6th Cir. 1990). In many cases, 25% of the past due benefits will equal or surpass an attorney fee rate of $300 per hour. Thus, it is likely that the hourly rates listed in The Economics of Law Practice in Ohio in 2019 reflect hourly rates that were not earned pursuant to the EAJA.

Finally, Osterhout submitted an unsworn declaration from attorney Michael Liner, "a local attorney who is a longtime practitioner in Social Security matters." Doc. 25, p. 2; Doc. 25-3. Attorney Liner states,

> My experience in reviewing Social Security fee petitions is that hourly rates of up to $200-$225 per hour can be awarded for purely administrative claims, depending on the amount of benefits awarded, the number of hearings held, the experience level of the attorney and the total fee requested and approved. These hourly rates are in line with prevailing rates for attorneys in Ohio with the same type of services provided by attorneys of reasonably comparable skill, experience and reputation.

Doc. 25-3, p. 2. First, Attorney Liner does not state what his hourly rate has been in social security fee petitions under the EAJA. Next, he does not state what hourly rates in other cases have been awarded, only what he believes "can" be awarded. Third, his statement refers to "the amount of benefits awarded," suggesting that he is referring to fees sought and awarded under 42 U.S.C. 406(b), which, as explained above, are dependent upon the amount of benefits awarded

5

and regularly exceed $300 an hour. In short, Attorney Liner's unsworn declaration does not support Osterhout's request for $200 an hour under the EAJA in this case.

Accordingly, the Court finds that Osterhout is not entitled to $200 per hour for work performed in this case. Simply put, Osterhout has not presented any relevant evidence in this case to show why he is entitled to a higher fee. Despite Defendant's brief setting out the case law in the Sixth Circuit and in the Northern District of Ohio, Osterhout has not followed that legal authority. Rather, he has referenced Ninth Circuit authority; he has not consulted the Midwest CPI, as courts in this district do; he relies on a publication that does not specify the hourly rate for fee applications under the EAJA; and he has submitted an unsworn declaration that provides no evidence that an hourly rate of $200 per hour under the EAJA is warranted in this case. Thus, he has not met his burden of showing that he is entitled to fees above the $125 statutory amount set forth in the EAJA. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (affirming the district court's decision to decline to vary upward from the $125 statutory rate when the plaintiff did not provide sufficient evidence showing an increase in that case was warranted).

Nevertheless, the Court finds that Osterhout is entitled to some increase over the $125 statutory amount due to his expertise in the field of social security law. In his brief, he explains that he has:

> practiced in the field of Social Security law for approximately 34 years, has personally represented or directly supervised those personally representing approximately 35,000 claimants at their administrative hearings, has personally represented approximately 5000 claimants in appeals before various district courts, is admitted to practice before approximately 65 district courts in the United States, and is admitted to three Circuit Courts of Appeals. [He] is also a frequent speaker and writer on topics related to Social Security disability.

6

Doc. 25, pp. 2-3. Based on the above, the Court finds that some increase above the $125 rate is warranted and specifically finds that $160 an hour is warranted for work performed in this case.

### III. Reasonableness of Requested Hours

Osterhout submitted a time sheet wherein he lists the number of hours he spent on this case—50.3—and he seeks compensation for 45.3 of those hours. Doc. 22-1. Defendant objects, arguing that the hours are excessive "when compared to the low level of complexity of this case." Doc. 23, p. 3. Defendant submits that 20-30 hours are typical range of appropriate hours, with 40 hours at the high end. Doc. 23, p. 4 (citing cases).

The plaintiff has the burden to show that the fees requested, including the number of hours, are reasonable under the EAJA statute. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *INS v. Jean*, 496 U.S. 154, 161 (1990) (applying *Hensley* to EAJA cases). "In determining whether the time expended was reasonable, courts may consider the complexity of the case, the length of the administrative record and counsel's familiarity with it, the legal research required, and the skills and contemporaneous time records of counsel." *Adkins v. Comm'r of Soc. Sec.*, 393 F. Supp. 3d 713, 719 (N.D. Ohio 2019) (internal quotation marks and citations omitted).

Osterhout concedes that the number of hours he seeks compensation for is above the number of hours typically assessed as reasonable in the Sixth Circuit. Doc. 22, p. 4 (stating that 30-40 hours is typical and that his request is higher). Of the 43.5 requested, all but 2.5 hours were spent reviewing the record or drafting the brief. Doc. 22-1. Osterhout explains that he did not represent the plaintiff at the administrative level and, therefore, he did not have familiarity when he began this case in federal court. Doc. 22, p. 6. This factor weighs in Osterhout's favor

7

in seeking to be paid for a greater number of hours. *Adkins*, 393 F. Supp.3d at 719-20 (attorney entitled to more hours when he did not represent the plaintiff at the administrative level and was therefore unfamiliar with the case). Osterhout also cites "the enormous administrative record (2600+ pages)" in this case. Doc. 22, p. 6; Doc. 22-1. But the administrative record in this case is 1,595 pages long, not 2,640 pages.[4] Osterhout's assertion to the contrary is not well-taken.

Osterhout raised one issue on appeal which was not novel. Doc. 17 (arguing that the ALJ erred by failing to properly evaluate the evidence regarding Plaintiff's hand limitations and account for those limitations in the RFC finding). Nevertheless, that issue, which prompted the Commissioner to stipulate to a remand, had not been raised at the administrative level (Tr. 451-453) and was widely and extensively briefed, giving credence to Osterhout's claim that his review of the record and succinct briefing was outcome-determinative. Doc. 22, p. 6.

Therefore, the Court declines to significantly reduce the amount of time Osterhout is paid for reviewing the record and drafting the opening brief. *See Adkins*, 393 F. Supp.3d at 719-20 (declining to reduce the 37.5 hours claimant's attorney spent reviewing the record and drafting). The Court will award Osterhout fees for 40 hours total, 5.3 less than requested, although still at the high end of the scale. The slight reduction is based on the fact that the brief raised only one issue and a section of Osterhout's analysis was a summary of what had already been detailed in the fact section of his brief. See Doc. 17, pp. 15-16.

In sum, the Court will award attorney fees of $160 per hour for 40 hours, a total of $6,400.

---

[4] The transcript (1554 pages) was followed by a supplemental transcript (41 pages). Docs. 12, 13.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion for Attorney Fees pursuant to the EAJA.  Doc. 22.  Plaintiff is entitled to EAJA fees in the amount of $6,400.

Any fees paid belong to Plaintiff and can be used as an offset to satisfy any pre-existing debt that Plaintiff owes the United States, pursuant to the decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If counsel for the parties can verify that Plaintiff owes no pre-existing debts to the United States that are subject to offset, Defendant will direct that the award be made payable to Plaintiff's attorney pursuant to the attorney's fee assignment signed by Plaintiff and his counsel.

IT IS SO ORDERED.

Dated: December 17, 2020

*/s/Kathleen B. Burke*
KATHLEEN B. BURKE
U.S. Magistrate Judge