IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JORGE NARCISO VALENTIN MEDINA, ) | | CASE NO. 1:19-cv-2116 |
| ) | | |
| Plaintiff, ) | | MAGISTRATE JUDGE |
| ) | | KATHLEEN B. BURKE |
| v. ) | | |
| ) | | |
| COMMISSIONER OF SOCIAL ) | | |
| SECURITY ADMINISTRATION, ) | | |
| ) | | **<u>MEMORANDUM OPINION & ORDER</u>** |
| Defendant. ) | | |

Pending before the Court is Plaintiff Jorge Narciso Valentin Medina's Motion for

Attorney Fees, wherein Plaintiff's counsel, Karl E. Osterhout, requests an award of attorney fees

under 42 U.S.C. § 406(b) in the amount of $20,247.25.  Doc. 27.  Plaintiff's counsel states that

he previously received an award of attorney fees under the Equal Access to Justice Act (EAJA)

and that any amount received under the EAJA will be returned to the claimant to prevent double

recovery of fees.  Doc. 27, p. 6.

Defendant filed a response setting forth legal authority with which the Court may follow

in determining the amount of fees to award, Doc. 28, and Plaintiff filed a reply, Doc. 29.

## I. Law & Analysis

### A. Attorney fee awards in social security disability cases

There are two statutes under which a plaintiff may recover attorney fees in a social

security disability case.  First, under the EAJA, a plaintiff may recover attorney fees which, if

awarded, are paid by the government.  *See* 28 U.S.C. § 2412.  Second, as part of the judgment

rendered in favor of a plaintiff, a court may award a reasonable fee for an attorney's

representation in court which, if awarded, are to be paid out of a plaintiff's past-due benefits, not

as an addition to the amount of past due-due benefits.  *See* 42 U.S.C. § 406(b).  The fee awarded

pursuant to 42 U.S.C. § 406(b) may not be in excess of 25 percent of the total past-due benefits.

*Id*.  Further, a plaintiff's counsel may not receive fees under both statutes for the same work.

*Bowman v. Colvin*, 2014 WL 1304914, * 2 (N.D. Ohio Mar. 27, 2014).  Thus, if a court awards

both EAJA fees and fees under 42 U.S.C. § 406(b), the plaintiff's attorney is required to refund

the smaller amount to the plaintiff.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

### B. Reasonableness of attorney fees under 42 U.S.C. § 406(b)

In *Gilsbrecht*, the Supreme Court recognized the "prevalence of contingent-fee

agreements between attorneys and Social Security claimants."  *Id*. at 805.  In doing so, the

Supreme Court held that "§ 406(b) does not displace contingent-fee agreements within the

statutory [25 percent] ceiling; instead, § 406(b) instructs courts to review for reasonableness fees

yielded by those agreements."  *Id*. at 808-809.  The Supreme Court observed that, in enacting §

406(b), Congress set one boundary line, namely, "Agreements are unenforceable to the extent

that they provide for fees exceeding 25 percent of the past-due benefits."  *Id*. at 807.  However,

"[w]ithin the 25 percent boundary, . . . the attorney for the successful claimant must show that

the fee sought is reasonable for the services rendered."  *Id*.

Sixth Circuit "precedent accords a rebuttable presumption of reasonableness to

contingency-fee agreements that comply with § 406(b)'s 25-percent cap."  *Lasley v. Comm'r of

Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*,

923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)(en

banc)).  Courts shall make deductions for large fees in only two circumstances: "1) those

occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel

would otherwise enjoy a windfall *because of either an inordinately large benefit award or from*

*minimal effort expended.*"  *Hayes*, 923 F.2d at 420-421 (discussing *Rodriquez*, 865 F.2d at 746) (emphasis in original).  If the foregoing reasons are not applicable, "an agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable."  *Id*. at 421.  Additionally, in *Hayes*, the Sixth Circuit held that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market."  *Id*. at 422.

### C.  Plaintiff's request for attorney fee award under 42 U.S.C. § 406(b)

Plaintiff was awarded past due social security benefits in the amount of approximately $80,989.  Doc. 27, p. 1; Doc. 27-2, pp. 1, 3.  Plaintiff signed a Social Security Client Fee Agreement wherein he agreed to pay his attorney 25% of all past-due benefits awarded if the federal appeal was successful and, on remand, the Social Security Administration favorably decided his claim.  Doc. 27-2.  After his claim was favorably decided, the Agency withheld $20,247.25 from Plaintiff's past due benefits, representing 25% of his benefits award.  Doc. 27-1, p. 3.  *See Culbertson v. Berryhill*, --U.S.--, 139 S. Ct. 517, 523 (2019) (holding that the 25% cap in § 406(b)(1)(A) applies only to fees for court representation).

This Court had previously determined that Plaintiff's counsel reasonably expended a total of 40 hours in connection with the federal court litigation in this case.  Doc. 26.  Based on 40 hours of work, payment of $20,247.25 would result in an hourly rate of $506.18.  That amount is less than twice the amount of the hourly rate of $350 that would otherwise be charged by Plaintiff's counsel.[1]  Doc. 27-4, p. 2.  Thus, it cannot be said that counsel will enjoy a windfall.

---

[1]  In his affidavit, counsel stated that he has never handled an appeal before a federal court purely on an hourly contract, "but if that were ever necessary, the appropriate rate would be $350 per hour."  Doc. 27-4, p. 2, ¶5.  That

*See Hayes*, 923 F.3d at 422; *Bullock v. Comm'r of Soc. Sec.*, No. 1:15-CV-2158, 2020 WL 264258, at *3 (N.D. Ohio Jan. 17, 2020) (collecting cases finding that hourly rates in the $700-$900 range are reasonable in the context of §406(b) fees).

## II. Conclusion

For the reasons explained above, the Court **GRANTS** Plaintiff's motion (Doc. 27) and awards attorney fees in the amount of $20,247.25 under 42 U.S.C. § 406(b), provided that Plaintiff's counsel refund to Plaintiff any amount received under the EAJA to prevent double recovery of fees.


IT IS SO ORDERED.


Dated:  May 12, 2021

  */s/Kathleen B. Burke*
  _____
  Kathleen B. Burke
  United States Magistrate Judge

---

hourly rate is in line with other social security attorneys in the area. *See, e.g., Bullock v. Comm'r of Soc. Sec.*, No. 1:15-CV-2158, 2020 WL 264258, at *3 (N.D. Ohio Jan. 17, 2020) (collecting cases).